**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**July 14, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

WILLIAM MICHAEL CROUCH,

Defendant - Appellant.

No. 21-6109
(D.C. No. 5:17-CR-00278-F-1)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT***
_____

Before **TYMKOVICH**, Chief Judge, **MATHESON** and **EID**, Circuit Judges.
_____

Federal prisoner William Michael Crouch, proceeding pro se,[1] appeals the district court's denial of his 18 U.S.C. § 3582(c)(1)(A)(i) motion for compassionate release.  Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

---

* After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Mr. Crouch proceeds pro se, we construe his filings liberally but do not serve as his advocate.  *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

## I.  BACKGROUND

While subject to a protective order that prohibited him from possessing guns, Mr. Crouch brandished and discharged a firearm near two children and his ex-wife, who had requested the protective order.  Officers later searched his house and found eight rifles, five handguns, and three shotguns.  Most of these guns were loaded.  Officers located hundreds of additional rounds of ammunition in the house.  They also found three loaded firearms in his trucks, including a .22 caliber rifle with a homemade silencer taped to the end of the barrel.

The government charged Mr. Crouch under 18 U.S.C. § 922(g)(8) for possessing the guns in violation of the protective order, and under 26 U.S.C. § 5861(d) for possessing the unregistered silencer.  The district court ordered his pretrial release on a $5,000 unsecured bond with special conditions that, among other things, prohibited him from possessing firearms or other weapons, using alcohol to excess, or unlawfully using or possessing controlled substances.  The special conditions also required him to submit to testing for prohibited substances.

After Mr. Crouch failed three drug tests and missed seven others, the district court issued a warrant for his arrest for violating his pretrial release conditions.  United States Marshals arrested him while he was driving to a drug test.  They found two knives and two loaded .22 caliber pistols on his person.  A search of his vehicle produced a loaded 12-gauge shotgun, a loaded .22 caliber rifle, a pellet rifle, a hunting bow, more than 100 12-gauge shotgun shells, and other ammunition.  The Marshals also discovered methamphetamine, a hatchet, a rifle scope, a bottle of a "detox" drink intended to defeat

drug tests, and a "whizzinator" device, also designed to defeat drug tests. A female passenger in the vehicle testified that Mr. Crouch had smoked methamphetamine the day before, and that Mr. Crouch had told her he would rather have a shootout with police than get arrested.

Mr. Crouch pled guilty to the gun possession charge. The government dropped the silencer charge. At sentencing, the district court described Mr. Crouch as a "serial thief" and "a person for whom the law . . . fall[s] far short of effectively restraining his conduct." R., vol. I at 57–58. It sentenced him to an above-guidelines sentence of 84 months in prison.

With a little more than 31 months of his 84-month sentence remaining, Mr. Crouch filed his § 3582(c)(1)(A)(i) motion seeking a reduction in his sentence to time served or an order allowing him to serve the remainder of his sentence in home confinement. In support, he argued that although he had "received both doses of the COVID-19 vaccine" and had thereafter "tested positive for COVID-19," R., vol. I at 239, he was nonetheless at an increased risk of severe and life-threatening illness from COVID-19 due to his underlying medical conditions that included chronic obstructive pulmonary disease (COPD), emphysema, and pulmonary fibrosis.

The district court denied the motion. It did not address whether Mr. Crouch's medical conditions amounted to extraordinary and compelling reasons justifying early release. It instead found "that the factors in 18 U.S.C. § 3553(a) weigh[ed] against compassionate release." Supp. R. at 7. It acknowledged several facts in favor of Mr. Crouch, including "good behavior [in prison], his minimum risk [of recidivism]

3

scores, his participation in educational and vocational programs, and his underlying medical conditions [that] mak[e] him more likely to get severely ill from COVID-19." *Id.* at 8. But it recounted the seriousness of Mr. Crouch's offense and noted that "while on pretrial release, [he] repeatedly violated his bond conditions by using drugs, lying about his drug use to the pretrial officer[,] missing drug tests[,] [and] possessi[ng] . . . loaded firearms, knives[,] and methamphetamine." *Id.* at 7–8. And it "conclude[d] that a prison sentence longer than [Mr. Crouch] has served to date is necessary to reflect the seriousness of [his] offense, provide just punishment, and protect the public from further criminal activity." *Id.* at 8.

## II.  DISCUSSION

### A.  *Legal Background*

"[T]he plain language" of § 3582(c)(1)(A)(i) "creates a three-step test." *United States v. Hald*, 8 F.4th 932, 937 (10th Cir. 2021) (internal quotation marks omitted), *cert. denied*, No. 21-6594, 2022 WL 1611819 (U.S. May 23, 2022). "At step one a district court must find whether extraordinary and compelling reasons warrant a sentence reduction." *Id.* at 938 (ellipsis and internal quotation marks omitted). "At step two a district court must find whether such reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* (ellipsis and internal quotation marks omitted).[2] "At step three § 3582(c)(1)(A) instructs a court

---

[2] Because the Sentencing Commission's existing policy statement applies only to motions filed by the Director of the Bureau of Prisons, the second step is not relevant when, like here, the prisoner has moved for compassionate release. *See United States v. McGee*, 992 F.3d 1035, 1050 (10th Cir. 2021).

to consider any applicable 18 U.S.C. § 3553(a) factors and determine whether, in its discretion, the reduction authorized by steps one and two is warranted in whole or in part under the particular circumstances of the case." *Id.* (brackets, ellipsis, and internal quotation marks omitted). "[D]istrict courts may deny compassionate-release motions" based on any of the three steps "and do not need to address the others." *Id.* at 942 (italics and internal quotation marks omitted).

"We review a district court's order denying relief on a § 3582(c)(1)(A) motion for abuse of discretion." *United States v. Hemmelgarn*, 15 F.4th 1027, 1031 (10th Cir. 2021). "A district court abuses its discretion when it relies on an incorrect conclusion of law or a clearly erroneous finding of fact." *Id.* (internal quotation marks omitted).

B. *Analysis*

On appeal, Mr. Crouch reiterates that his "medical conditions" put him "at significant risk of severe and life threatening illness from COVID-19 variates DELTA and OMICRON," Aplt. Opening Br. at 3, and he maintains the district court should have weighed the § 3553(a) factors differently. He believes the court should have put more emphasis on his risk of severe illness from COVID-19, his limited criminal history, and his post-conviction behavior. He also takes issue with the district court's calling him a "serial thief" at sentencing and argues he should have been placed on home confinement.

1. **Extraordinary and Compelling Circumstances**

First, we reject any argument that the district court erred by not specifically addressing whether Mr. Crouch had shown extraordinary and compelling circumstances justifying his early release. The court could deny release based on its § 3553(a) analysis alone. *See Hald*, 8 F.4th at 942 (rejecting argument that the district court erred by considering the § 3553(a) factors before resolving, or at least assuming, the existence of extraordinary and compelling reasons).

2. **Section § 3553(a) Factors**

"Because the weighing of the § 3553(a) factors is committed to the discretion of the district court, we cannot reverse unless we have a definite and firm conviction that the lower court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances." *Hald*, 8 F.4th at 949 (internal quotation marks omitted).

The district court denied compassionate release based on the seriousness of Mr. Crouch's offense, the need to provide just punishment for this offense, and the need to protect the public from further criminal activity. It noted that Mr. Crouch "possessed 18 firearms and one firearms silencer while he was subject to a . . . restraining order," had been sentenced to an above-guidelines sentence, and had "repeatedly violated his bond conditions." Supp. R. at 7. The district court's decision was not a clear error of judgment and did not exceed the bounds of permissible choice. *See Hald*, 8 F.4th at 950 ("[W]e see no error in the court's decision that the seriousness of the offense and the need to provide adequate

6

deterrence weighed against compassionate release and see no reason why these factors should necessarily be outweighed by [the prisoner's] relatively minor preexisting criminal history or his unspecified efforts at rehabilitation while in prison.").

### 3. **"Serial Thief" Characterization**

Mr. Crouch also takes issue with the district court's characterization of him at sentencing as a "serial thief." R., vol. I at 57. But he does not contend the district court relied on this finding in denying his §3582(c)(1)(A) motion. And even if it did, the court did not abuse its discretion because the evidence presented at the sentencing hearing supports that finding, and Mr. Crouch has not established that it was clearly erroneous. *See, e.g.*, R., vol. I at 135–43; *see also United States v. Craine*, 995 F.3d 1139, 1157 (10th Cir.) ("A finding of fact is clearly erroneous only if it is without factual support in the record or if the appellate court, after reviewing all of the evidence, is left with a definite and firm conviction that a mistake has been made." (internal quotation marks omitted)), *cert. denied*, 142 S. Ct. 502 (2021).

### 4. **Home Confinement**

Mr. Crouch finally argues the district court should have considered ordering him to home confinement. But the court lacked authority to do so. *See Tapia v. United States*, 564 U.S. 319, 331 (2011) ("When a court sentences a federal offender, the [Bureau of Prisons] has plenary control, subject to statutory constraints, over 'the place of the prisoner's imprisonment' . . . ." (quoting 18 U.S.C. § 3621(b))); *United States v. Ko*, 739 F.3d 558, 561 (10th Cir. 2014) ("[A] person is in the [Bureau of

Prisons'] 'custody' while serving the remainder of a sentence in home confinement. While at home, the confinee is serving a 'term of imprisonment,' . . . ." (quoting 18 U.S.C. § 3624(c)(2))).  This court has held that a similar argument did not support overturning a district court's § 3582(c)(1) ruling.  *See Hald*, 8 F.4th at 949 ("As for [the prisoner's] suggestion of home confinement, his contention is only that the [district] judge failed to 'seriously consider' the suggestion, which amounts to nothing more than a complaint that the judge did not agree with him." (citation omitted)).

## III.  CONCLUSION

We affirm the district court's denial of Mr. Crouch's motion for compassionate release.  We grant Mr. Crouch's motion to proceed *in forma pauperis* on appeal.

Entered for the Court


Scott M. Matheson, Jr.
Circuit Judge